Filed 2/21/23  Quality First Home Improvement v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| QUALITY FIRST HOME IMPROVEMENT, INC., | C095316 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2018-00241333-CU-BC-GDS) |
| v. | |
| DASHENA WILLIAMS, | |
| Defendant and Appellant. | |

Respondent Quality First Home Improvement, Inc. (QFHI) filed suit against appellant Dashena Williams, seeking to recover the balance owed on a home improvement contract. The trial court entered judgment in favor of QFHI following a court trial.

On appeal, appellant argues the trial court erred in denying her oral request to continue the trial. Appellant contends we may presume the trial court abused its discretion because the record does not show it considered the factors affecting a motion to continue trial. Appellant further avers the trial court failed to consider whether she

1

qualified for referral under the Sargent Shriver Civil Counsel Act, Government Code section 68650 et seq.[1] (Shriver Act).

We affirm the trial court's judgment and deny QFHI's request for sanctions.

## BACKGROUND

Appellant contracted with QFHI to install a concrete deck and patio cover at her residence for $35,000. QFHI completed the project, but appellant paid only $1,000. After failed efforts to collect payment, QFHI recorded a mechanic's lien[2] against appellant's home. It also sued appellant for breach of contract and sought to foreclose the mechanic's lien.

Appellant appeared in propria persona at the court trial. Both appellant and QFHI allege in their briefs that appellant orally requested a continuance in order to obtain counsel, which the trial court denied. The record does not contain appellant's continuance request or the trial court's ruling on the request. But we treat QFHI's allegations as factual admissions because, while briefs are outside the record, they are reliable indications of a party's position on the facts, and we may use statements therein as admissions against a party. (*Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1152; *Moore v. Powell* (1977) 70 Cal.App.3d 583, 586, fn. 2 ["A factual statement in a brief may be treated as an admission or stipulation when adverse to the party making it."].)

At trial, appellant claimed QFHI's work was substandard, and she had an oral agreement with QFHI to reduce the contract price to $17,000. The trial court ruled for QFHI on both causes of action. Appellant timely appealed.

---

[1]     Undesignated statutory references are to the Government Code.

[2]     Civil Code section 8400 et seq.

2

DISCUSSION

Appellant raises two claims on appeal. First, she contends the matter must be remanded because the trial court's ruling provided no evidence that it considered factors affecting its decision on her request to continue trial. Second, appellant argues the trial court abused its discretion in denying her request because nothing in the record shows the trial court considered her qualification for appointed counsel under the Shriver Act. We disagree.

I

*Trial Continuance*

On appeal, we presume a trial court's judgment to be correct. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) " ' "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." ' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140.) It is the appellant's burden to provide an adequate record to show reversible error on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Ibid.*)

Here, the record is silent on the reasons behind the trial court's denial of appellant's request. It contains no reporter's transcript, or any written order by the trial court denying appellant's continuance request. Appellant contends a silent record supports the conclusion that the trial court failed to consider relevant factors and abused its discretion. As stated above, established law holds otherwise. Appellant fails to carry her burden of affirmatively demonstrating error on appeal. We must therefore presume the trial court properly considered and weighed the factors affecting trial continuances, and correctly denied appellant's request. Appellant's pro. per. status in the trial court does not lower her burden of proof on appeal. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1285 ["propria persona litigants are not entitled to any special treatment from the courts"].)

3

## II

### *The Shriver Act*

In 2009, the Legislature enacted the Shriver Act, creating a pilot project to provide legal counsel to "low-income parties in civil matters involving critical issues affecting basic human needs." (§ 68651, subd. (a); Assem. Com. on Judiciary, Analysis of Assem. Bill No. 590 (2009-2010 Reg. Sess.) as amended Mar. 12, 2009, p. 1.) These issues include housing-related matters such as evictions and foreclosures where low-income individuals face the loss of their homes. (§ 68651, subd. (b)(1); Sen. Rules Com., 3d reading analysis of Assem. Bill No. 330 (2019-2020 Reg. Sess.) as amended May 9, 2019, pp. 1, 6; Assem. Com. on Judiciary, Analysis of Assem. Bill No. 590 (2009-2010 Reg. Sess.) as amended Mar. 12, 2009, p. 4.)

The Shriver programs are available at selected courts approved by the Judicial Council. (§ 68651, subd. (b)(1).) These courts refer low-income persons to legal services agencies, which in turn determine the individuals' eligibility for counsel. (§ 68651, subd. (b)(4), (7).) Due to scarce funding, "eligibility for representation shall be limited to clients whose household income falls at or below 200 percent of the federal poverty level." (§ 68651, subd. (b)(1).)

The record does not show that the Shriver program was available at Sacramento County Superior Court at the time of the trial. The trial court could not make a Shriver program referral when it was not a participating court selected by the Judicial Council.

In any event, this is not a housing-related matter under the Shriver Act. It involves a dispute over the improvement to appellant's home, not an eviction or foreclosure of appellant's house. The record contains no evidence showing QFHI's allegedly unsatisfactory work affected appellant's basic human needs or put appellant at risk of losing her home.

Moreover, the record shows appellant ordered a $35,000 upgrade to her residence. At trial, Williams argued she had an oral agreement with QFHI to pay $17,000, and that

QFHI's substandard work was not worth $35,000.  Appellant made no claims, however, that she could not afford the payment or that she was indigent.  Based on the record, even if the Shriver program were available, it was reasonable for the trial court to conclude appellant was not indigent and did not qualify for referral under the Shriver Act.  (See *Ketchum v. Moses, supra*, 24 Cal.4th at p. 1140 [all presumptions are indulged to support the trial court's judgment on a silent record].)

Appellant's requests that we extend the application of the Shriver Act to require trial courts to "address the merits of the court requiring or permitting a court appointed counsel for civil litigants (a 'Gideon' Attorney) when a pro-se litigant requests an attorney and where the case effects [*sic*] the pro-se litigant's shelter, sustenance, safety, health, and/or child custody."  This directly contradicts the plain language of section 68651, subdivision (b)(4).  Under this subdivision, legal services agencies authorized by the Judicial Council, rather than trial courts, are responsible for making determinations of eligibility and providing representation.  (§ 68651, subd. (b)(4).)  When the statutory language is clear, we must follow its plain meaning.  (*Mendoza v. Fonseca McElroy Grinding Co., Inc.* (2021) 11 Cal.5th 1118, 1125.)

III

*Motions for Sanctions*

By written motion, QFHI requests monetary sanctions consisting of attorney's fees it incurred on appeal and an additional $15,000.  It contends both of appellant's arguments on appeal are frivolous, showing a bad faith intent to delay the effect of the trial court's adverse judgment.

On motion of a party or on its own motion, an appellate court may impose sanctions on a party or an attorney for taking a frivolous appeal.  (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a)(1).)  "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any

5

reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) But "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.*)

Here, appellant's arguments are meritless, but this alone does not give rise to sanctions. The record contains no evidence that this appeal was made to harass QFHI or to delay the effect of the trial court's judgment. The appeal was timely filed, and appellant did not seek an extension of time to file her briefs. Based on the record, the high standard of sanctions has not been met.

## DISPOSITION

We affirm the judgment.  QFHI's request for sanctions is denied.  QFHI shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)  This matter is remanded to the trial court to determine the amount of costs.  On remand, QFHI may file a motion to seek attorney's fees it incurred in defending this case on appeal.  (Cal. Rules of Court, rule 3.1702(c).)


_____\s\_____,

MCADAM, J.[*]


We concur:


_____\s\_____,

DUARTE, Acting P. J.


_____\s\_____,

KRAUSE, J.

---

[*]     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.